IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO SANCHEZ GOMEZ, an individual, on behalf of himself and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> CHUG A LUG, INC., an Illinois corporation d/b/a CHUG A LUG PUB & GRILL, and SILKEN N. PATEL, an individual, <br><br> Defendants. | Case No. 1:23-cv-16191 |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Hugo Sanchez Gomez, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Chug A Lug, Inc., an Illinois corporation d/b/a Chug A Lug Pub & Grill, and Silken N. Patel (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former cooks, food preparers, cleaners and kitchen staff employees at Defendants' Chug A Lug Pub & Grill restaurant.

1

2. Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Hugo Sanchez Gomez ("Sanchez") is a former employee of Defendants' Chug A Lug Pub & Grill restaurant located at 18409 S. Halsted Street in Glenwood, Illinois ("Chug A Lug Pub & Grill restaurant"). Plaintiff Sanchez worked as a cook, food preparer and cleaner at Defendants' Chug A Lug Pub & Grill restaurant from August, 2022 through mid-February, 2023.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Chug A Lug, Inc. is an Illinois corporation that operates the Chug A Lug Pub & Grill restaurant located on South Halsted Street in Glenwood, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Upon information and belief, Defendants have earned more than $500,000.00 in annual gross revenue during 2022 and 2023.

10. Defendant Chug A Lug, Inc. is registered in Illinois as a corporation and its officers, registered agent and registered office are located within this judicial district.

11. Defendant Silken N. Patel ("Patel") is an owner and manager of the Chug A Lug Pub & Grill restaurant.

12. At all times relevant to this action, Defendant Patel possessed extensive oversight over Defendants' Chug A Lug Pub & Grill restaurant and business operations. Defendant Patel was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Defendant Patel resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14. During the period from August, 2022 through mid-February, 2023, Plaintiff Sanchez typically worked seven (7) days each week at Defendants' Chug A Lug Pub & Grill restaurant including Sunday through Wednesday from approximately 8:00 a.m. to at least 11:00 p.m. and Thursday through Saturday from approximately 8:00 a.m. to at least Midnight.

15. Based on his schedule, Plaintiff Sanchez regularly worked over one hundred (100) hours in individual workweeks from August, 2022 through mid-February, 2023.

16. Defendants paid Plaintiff Sanchez on an hourly basis at the rate of $24.00 per hour.

17. Defendants paid all of Plaintiff's Sanchez's work hours with off-payroll company checks at his straight-time hourly rate of pay.

18. Defendants did not compensate Plaintiff and other non-exempt cooks, food preparers, cleaners and kitchen staff employees at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

19. Defendants paid Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

20. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former cooks, food preparers, cleaners and kitchen staff employees who worked for Defendants during the last three years before the filing of this suit.

22. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former cooks, food preparers, cleaners and kitchen staff employees have had substantially similar job descriptions, job requirements and pay rates.

23. Plaintiff and other similarly situated current and former cooks, food preparers, cleaners and kitchen staff employees, worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of 40 in a workweek due to Defendants' unlawful wage payment scheme.

24. Plaintiff and the other similarly situated cooks, food preparers, cleaners and kitchen staff employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay an overtime premium for hours worked in excess of forty in individual workweeks.

25. Defendants at all times failed to pay Plaintiff, and other similarly situated cooks, food preparers, cleaners and kitchen staff employees overtime compensation including at a rate of one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

26. Plaintiff's claim is substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

27. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

28. There are numerous similarly situated current and former cooks, food preparers, cleaners and kitchen staff employees who worked for Defendants' Chug A Lug Pub & Grill restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

29. The similarly situated current and former cooks, food preparers, cleaners and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

30. Plaintiff hereby incorporates paragraphs 1 through 29 as though stated herein.

31. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

32. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

33. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

34. Defendant Chug A Lug, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

35. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, food preparers, cleaners and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

37. Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other cooks, food preparers, cleaners and kitchen staff employees were scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying for their employees' hours with off-payroll company checks at their straight-time hourly rates of pay. Additionally, Defendants did not report their employee's wage payments to federal and state tax and revenue agencies, failed to furnish their employees with any pay stub or other record of hours worked and wages paid, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Hugo Sanchez Gomez, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Chug A Lug, Inc., d/b/a Chug A Lug Pub & Grill, and Silken N. Patel, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

38. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

39. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

40. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

41. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

42. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

43. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Hugo Sanchez Gomez, prays for a judgment against Defendants, Chug A Lug, Inc., d/b/a Chug A Lug Pub & Grill, and Silken A. Patel, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Statutory damages in the amount of three times the amount of unpaid overtime;

- C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

- D. Reasonable attorney's fees and costs incurred in filing and prosecuting this action; and

- E. Such other and further relief as this Court deems appropriate and just.

Dated: November 22, 2023

Respectfully submitted,

Hugo Sanchez Gomez,
on behalf of himself and all other plaintiffs similarly situated, known and known,
Plaintiff,

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com